NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRACY GARRETT,

Plaintiff-Appellant,

v.

LOUIS W. WINN, Jr.; et al.,

Defendants-Appellees.

No. 18-15641

D.C. No. 4:12-cv-00890-JGZ

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Federal prisoner Tracy Garrett appeals pro se from the district court's

summary judgment in his action brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging retaliation,

deliberate indifference to safety, and excessive force claims.  We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Garrett's retaliation claim because, even if a *Bivens* remedy is available for this claim, Garrett failed to raise a genuine dispute of material fact as to whether his protected activity motivated defendant Diaz's allegedly retaliatory conduct or whether Diaz's conduct did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Garrett's deliberate indifference to safety claim because Garrett failed to raise a genuine dispute of material fact as to whether defendants Hansen or Winn knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The district court properly granted summary judgment on Garrett's

18-15641

excessive force claim because a judgment in Garrett's favor would necessarily imply the invalidity of his related disciplinary proceeding, and Garrett has not demonstrated that the results of his disciplinary proceeding, including the loss of good-time credits, have been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to prison disciplinary proceedings resulting in the loss of good-time credits).

**AFFIRMED.**